IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CRISTOBAL MORENO OROZCO | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | |
| | § | NO. 3-08-CV-0436-M |
| NATHANIEL QUARTERMAN, Director | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division | § | |
| | § | |
| Respondent. | § | |

**FINDINGS AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

Petitioner Cristobal Moreno Orozco, a Texas prisoner, has filed an application for writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons stated herein, the application should be dismissed on limitations grounds.

I.

In 1998, petitioner pled guilty to possession of a controlled substance and was sentenced to 30 years confinement. No appeal was taken.[1] Instead, petitioner filed two applications for state post-conviction relief. The first application was denied without written order. *Ex parte Orozco*, WR-51,895-02 (Tex. Crim. App. Mar. 9, 2005). The second application was dismissed as successive. *Ex parte Orozco*, WR-51,895-05 (Tex. Crim. App. Feb. 6, 2008). Petitioner then filed this action in federal district court.

---

[1] Petitioner attempted to perfect an untimely appeal on June 13, 2002--more than three years after the date of his conviction. That appeal was dismissed for lack of jurisdiction. *Orozco v. State*, No. 10-02-00204-CR (Tex. App.--Waco, Jul. 31, 2002).

II.

Petitioner contends that he is actually innocent because he was arrested for possession of marijuana, but no marijuana was found inside his vehicle.

Respondent has filed a preliminary response suggesting that this case is barred by the AEDPA statute of limitations. Petitioner addressed the limitations issue in a reply filed on May 30, 2008. The court now determines that the habeas petition is time-barred and should be dismissed.

A.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") establishes a one-year statute of limitations for federal habeas proceedings brought under 28 U.S.C. § 2254. *See* ANTITERRORISM AND EFFECTIVE DEATH PENALTY ACT, Pub.L. 104-132, 110 Stat. 1214 (1996). The limitations period runs from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking direct review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

*See* 28 U.S.C. § 2244(d)(1). The time during which a properly filed application for state post-conviction or other collateral review is pending is excluded from the limitations period. *Id.*

§ 2244(d)(2). The AEDPA statute of limitations is also subject to equitable tolling in "rare and exceptional" circumstances. *See Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998), *cert. denied*, 119 S.Ct. 1474 (1999).

B.

Petitioner pled guilty to possession of a controlled substance and was sentenced to 30 years confinement. Judgment was entered on June 26, 1998, and no appeal was taken. Therefore, his conviction became final 30 days thereafter on July 27, 1998.[2] *See* TEX. R. APP. P. 26.2 (notice of appeal in criminal case must be filed within 30 days after sentence is imposed). Yet petitioner waited more than *six years* before seeking state or federal post-conviction relief.

In an attempt to avoid the dismissal of his case, petitioner argues that the failure to consider his actual innocence claim would result in a "fundamental miscarriage of justice." (*See* Pet. Reply at 2). Equitable tolling is not permitted merely because petitioner believes he is entitled to relief. *See Melancon v. Kaylo*, 259 F.3d 401, 408 (5th Cir. 2001) ("Equitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights."). Even a claim of actual innocence does not constitute a "rare and exceptional" circumstance sufficient to toll the AEDPA statute of limitations. *See, e.g. Felder v. Johnson*, 204 F.3d 168, 171 (5th Cir.), *cert. denied*, 121 S.Ct. 622 (2000); *Stevenson v. Quarterman*, No. 3-07-CV-0846-G, 2007 WL 1989596 at *2 (N.D. Tex. Jul. 10, 2007) (citing cases).

Petitioner also alludes to "newly discovered evidence" that supports his actual innocence claim. (*See* Hab. Pet. at 7, ¶ 20(A)). However, petitioner does not identify this new evidence or

---

[2] The 30th day after judgment was entered fell on Sunday, July 26, 1998. As a result, petitioner had until the following Monday, July 27, 1998, to file a notice of appeal. *See* TEX. R. APP. P. 4.1(a).

explain why it could not have been discovered sooner. Without more, petitioner has not come close to establishing a basis for equitable tolling. *See Stevenson*, 2007 WL 1989596 at *2 (equitable tolling not warranted where petitioner failed to identify "newly discovered evidence"); *Tutt v. Dretke*, No. 4-05-CV-0573-Y, 2005 WL 3742815 at *2 (N.D. Tex. Nov. 9, 2005), *COA denied*, No. 05-11471 (5th Cir. Oct. 24, 2006) ("newly discovered evidence" did not warrant equitable tolling where petitioner could have discovered evidence before or during trial with due diligence).

Finally, petitioner appears to argue that he was mentally unstable and under the influence of psychiatric medications at the time he entered his guilty plea. (*See* Pet. Reply at 1). The Fifth Circuit has recognized that mental incompetency may support equitable tolling of the limitations period. *See Fisher v. Johnson*, 174 F.3d 710, 715 (5th Cir. 1999), *cert. denied*, 121 S.Ct. 1124 (2001). However, petitioner has failed to allege sufficient facts or adduce any evidence that his mental condition or the side effects of his medications rendered him incompetent such that he was prevented from seeking post-conviction relief during the AEDPA limitations period. In fact, the last entry in the medical records provided by petitioner is May 6, 1999--more than *five years* before he first sought state post-conviction relief. Under these circumstances, there is no basis for equitable tolling.

## RECOMMENDATION

Petitioner's application for writ of habeas corpus is barred by limitations and should be dismissed with prejudice.[3]

---

[3] This case is also subject to dismissal because petitioner failed to pay the $5.00 statutory filing fee as ordered by the court. *See Orozco v. Quarterman*, No. 3-08-CV-0436-M, 2008 WL 1757808 at *1 (N.D. Tex. Apr. 16, 2008) (denying application to proceed *in forma pauperis* and requiring petitioner to pay filing fee within 20 days).

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party may file written objections to the recommendation within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). The failure to file written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: June 5, 2008.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE